Graham Bernstein
3525 Del Mar Heights Road #253
San Diego, CA 92130
Phone: 858-627-0064
Fax: 858-627-0065

FILED
2012 MAR 26 AM 10: 01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

GRAHAM BERNSTEIN, IN PRO PER

UNITED STATES DICTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graham Bernstein, an individual,<br><br>vs<br><br>HEALTHNET LIFE INSURANCE COMPANY and Does 1-10 Inclusive Defendants | Case No.: 12 CV 0717 AJB JMA<br><br>**COMPLAINT FOR MONEY DAMAGES PURSUANT TO 29 U.S.C. 502 (a) and 1004 et. seq. (Employee Retirement Income Security Act of 1974, as amended):**<br><br>1. False Pretenses and False Representations<br>2. Breach of Contract/Fiduciary Duties |

Plaintiff Graham Bernstein, alleges as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1. This case is a proceeding brought specifically under 29 U.S.C. sections 502 (a) and 1004 et. seq., known as the Employee Retirement Income Security Act of 1974 (herein "ERISA"), and thus this Court has jurisdiction.

2. Plaintiff files this action under 29 U.S.C. sections 502 (a) and 1004 et. seq., seeking a judicial order that certain medical benefits provided to plaintiff were and are properly covered/insured by defendants herein, and that defendants wrongfully withheld payment therefore and should be liable to plaintiff on behalf of the providers thereof, and, further, for entry of a money judgment herein for such sums as should have been paid by defendants, together with interest, costs and reasonable attorneys fees.

3. Plaintiff is an individual who, at the time of the activities complained of herein, was living in Del Mar, California.

4. The acts of defendants complained hereof herein occurred in San Diego County, California, within this judicial district.

5. Plaintiff is informed and believes and thereon alleges that defendant does business in the form of insuring and administrating health care benefits.

6. The true names and capacities of defendants Doe 1 through and including Doe 10 are unknown to plaintiff at this time. Accordingly, plaintiff names said defendants by such fictitious names, and will amend this complaint to allege their true names and capacities when the same have been ascertained.

## COMMON ALLEGATIONS

7. Plaintiff was insured and covered through a policy and/or policies of health insurance issued through defendants (the "Plan" herein), and which policy and/or policies were subject to the terms, conditions and regulations set forth in ERISA.

8. Plaintiff sought medical advice and assistance from physician and surgeon Dr. Michael Khalil for plaintiff's medical condition. Said physician recommended that plaintiff undergo a procedure and that said procedure be conducted at Ambulatory Care Surgery Center (hereinafter "ACSC") Inc., in San Diego, California.

9. Plaintiff thereafter accepted the advice of said physician/surgeon, and applied for scheduling of the proposed procedures through Dr. Michael Khalil, and to be performed at the offices of ACSC.

10. Plaintiff is informed and believes and thereon alleges that:

a. ACSC confirmed the availability and applicability of proper medical insurance coverage with defendants via telephone call on October 4, 2011 with Kelly at the offices of defendants at 1-800-641-7761. ACSC was advised by defendants that the medical coverage provided by defendants for the subject procedure would be covered at 50% of the reasonable and customary charges by the clinic utilized for the procedure as an out of network provider, subject to a $6,000.00 deductible charge and a $12,000.00 stop loss and that said insurance was currently in effect, and had been in effect since August 1, 2010. In that the "quote" by defendants of available insurance coverage was applicable to the proposed procedure on plaintiff scheduled for October 7, 2011 and was acceptable to ACSC, that entity agreed to provide the medical clinic services in question for said sum on behalf of plaintiff.

b. Based upon the representations of defendants of available medical insurance coverage, as outlined herein, the procedure was performed by Dr. Michael Khalil on October 7, 2011, at ACSC's facility.

c. Neither plaintiff nor ACSC would have agreed to perform the subject procedures without having been assured prior to the performance that defendants would cover and pay for the procedures and clinic costs as outlined herein.

d. Thereafter, ACSC caused its billing to be sent to defendants for the services provided to plaintiff on October 7, 2011, in the total sum of $16,842.28. A copy of the billing is attached hereto, marked Exhibit "A", and incorporated by reference.

e. On or about November 15, 2011, defendants issued payment on medical claim with their written "Explanation of Benefits "EOB", and sent a check to

ACSC for only $4,210.57 of provider's billing for the services of October 7, 2011, declining to pay the balance which plaintiff alleges defendants should have paid. A copy of the explanation of benefits is attached hereto, marked Exhibit "B", and incorporated by reference.

f. Plaintiff and ACSC have asked defendants to pay the quoted usual and customary charges but defendants have refused to do so. See Exhibit "C" and incorporated by reference.

11. Plaintiff reasonably relied upon the representations of defendants to the prospective treating clinic, as set forth above, in making the decision to proceed with the above-described procedures. Plaintiff would not have allowed the procedures to take place without assurance from defendants that the medical insurance through defendants and the Plan would cover the costs quoted by defendants and accepted by the treating clinic. Plaintiff is informed and believes and thereon alleges that defendants should have paid an additional approximately $8,421.14 on the procedure over and above the amounts defendants did pay.

12. The representations by defendants to ACSC were in truth and fact false. Plaintiff was unaware of the falsity thereof, as was ACSC, and both plaintiff and ACSC reasonably relied thereon. Accordingly, the procedures were performed on plaintiff as scheduled, and defendants have not paid for that portion of the costs thereof that they agreed to do.

13. Plaintiff is informed and believes and thereon alleges that defendants either misrepresented the nature of the available medical insurance coverage in providing the confirmation of coverage, or, alternatively, wrongfully failed and refused to honor their legal commitment to plaintiff and the treating clinic, or both.

14. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, have engaged in a pattern of refusal to pay proper benefits in situations similar to that of plaintiff, that requests for review and/or appeal are fruitless, that defendants have failed to follow Department of Labor guidelines and/or regulations concerning the review and/or

consideration of payments, may have improperly provided authorization for plaintiff's subject procedure, may have improper or no claims procedures, and/or failed to maintain reasonable claims procedures as required by 29 CFR section 2560.503.1. Further, to the extent any appeal was made, defendants review process did not provide a reasonable and/or accurate explanation for the decision and/or basis for the denial of the claim, further, to the extent that the subject medical insurance contract ("Plan") between plaintiff's employer and defendants provides any discretion to defendants, that discretion has been abused and any review of the decisions by defendants should be undertaken by way of a de novo review. Defendants' denial of benefits herein constitutes a breach of the Plan, violates the obligations and duties owed to plaintiff by the defendants thereunder, and imposed by the State of California, insofar as those laws relate to the regulation and business of insurance.

15. Plaintiff has been damaged in that plaintiff contractually agreed with the medical clinic provider to pay for the total of its billings for the procedure unless the charges were paid by defendant health insurance providers pursuant to the representations of said defendants to the medical clinic provider. Accordingly, plaintiff has been requested to make payment of provider's billings described above, less such portion as was paid by defendants, and has suffered damages thereby. Had defendants paid the 50% of the "usual and customary" charges made by the medical services provider as they had agreed to do in authorizing the procedure, plaintiff would have no liability other than any applicable deductible/co-insurance portion.

16. Pursuant to the provisions of 29 U.S.C. 1132(g)(1), plaintiff is entitled to the payment by defendants of plaintiff's actual attorneys fees incurred herein, and so demands.

**FIRST CAUSE OF ACTION**

**FALSE PRETENSES and FALSE REPRESENTATIONS**

17. Plaintiff refers to and incorporates by reference paragraphs 1 through and including 16, hereinabove, as though set forth at this point.

18. The conduct of defendants as above-described supports a finding that defendants

have damaged plaintiff by committing false pretenses and/or false representations, in violation of their duties and responsibilities under ERISA.

**SECOND CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT AND FIDUCIARY DUTIES**

19. Plaintiff refers to and incorporates by reference paragraphs 1 through and including 16, hereinabove, as though set forth fully at this point.

20. Defendants, and each of them, had at all times herein mentioned an underlying written contract with the employer of plaintiff (the "Plan") to provide health care benefits pursuant to the contract between those parties, of which contract plaintiff and plaintiff's health care providers are third party creditor beneficiaries. Plaintiff does not have a copy of said written contract, but will seek to amend this complaint to provide a copy thereof when it becomes available. The duties of defendants are of a fiduciary nature, are not able to be waived by defendants, and plaintiff and plaintiff's health care providers are third party creditor beneficiaries thereof.

21. Under the terms of the written contract for health care benefits, as well as under the terms of ERISA, defendants agreed to act in good faith, and are required to act in good faith in the administering of health care benefits for persons covered by the terms of said contract, including plaintiff.

22. Defendants have breached their contractual duties, as well as their fiduciary duties of good faith, as more fully outlined hereinabove, and thereby breached the subject written contract (the "Plan") as above-described, and are thereby in violation of the provisions of ERISA.

Wherefore, Plaintiff prays for judgment as follows:

A. For general damages in the sum of any and all payments which defendants should have paid under the terms of their contract (the "Plan") with plaintiff's employer, the sum of $8421.14, more or less, according to proof;

B. For interest at the maximum legal rate on such sums as are deemed owed by defendants;

C. For actual attorneys fees in accordance with the ERISA Act and/or California Business &

Professions Code, section 17200 et.seq.;

D. For costs of court incurred herein; and

E. For such other and further relief as the court may deem just and proper.

Dated: 3/22/12

Graham Bernstein
In Pro Per

Exhibit A

1 AMBULATORY CARE SURGICAL CENTER
5225 KEARNY VILLA WAY
SAN DIEGO, CA. 92123
858-974-7200

2 | 3a PAT. CNTL # | b. MED. REC. #

4 TYPE OF BILL: 833 833

5 FED. TAX NO.: 27-1402769

6 STATEMENT COVERS PERIOD FROM: 10/07/11 THROUGH: 10/07/11

7

8 PATIENT NAME a BERNSTEIN, GRAHAM
b

9 PATIENT ADDRESS a 290 SURFVIEW COURT DEL MAR CA 92014
b c d e

| 10 BIRTHDATE | 11 SEX | 12 ADMISSION DATE | 13 HR | 14 TYPE | 15 SRC | 16 DHR | 17 STAT | CONDITION CODES 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 ACDT STATE | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/06/57 | M | 100711 | | | | | | | | | | | | | | | | | | |

| 31 OCCURRENCE CODE | DATE | 32 OCCURRENCE CODE | DATE | 33 OCCURRENCE CODE | DATE | 34 OCCURRENCE CODE | DATE | 35 OCCURRENCE SPAN CODE | FROM | THROUGH | 36 OCCURRENCE SPAN CODE | FROM | THROUGH | 37 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | |

38 HEALTHNET
PO BOX 14702
LEXINGTON KY 40512

Bill

| | 39 VALUE CODES CODE | AMOUNT | 40 VALUE CODES CODE | AMOUNT | 41 VALUE CODES CODE | AMOUNT |
|---|---|---|---|---|---|---|
| a | | | | | | |
| b | | | | | | |
| c | | | | | | |
| d | | | | | | |

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 250 | DRUGS/PHARMACY ITEMIZED | 46250 | | | $1,597. 20 | | |
| 270 | MEDICAL/SURGICAL ANES SUPPLY | 46250 | | | $7,635. 08 | | |
| 360 | OPERATING ROOM | 46250 | | | $5,275. 00 | | |
| 760 | PRE OP HOLDING | 46250 | | | $402. 50 | | |
| 710 | RECOVERY ROOM | 46250 | | | $1,932. 50 | | |
| | PAGE 1 OF 1 | CREATION DATE | 10/07/11 | TOTALS | $16,842. 28 | | |

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN. | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1477882199 |
|---|---|---|---|---|---|---|
| A HEALTHNET | S051249 | Y | Y | | | 57 OTHER PRV ID |
| B | | | | | | |
| C | | | | | | |

| 58 INSURED'S NAME | 59 P.REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|
| A BERNSTEIN, GRAHAM | 1 | R05031854 | CHILDRENS' SPECIALI | N328AA |
| B | | | | |
| C | | | | |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME |
|---|---|---|
| A | | |
| B | | |
| C | | |

66 DX: 455.8 | 569.3 | 67 | 68

69 ADMIT DX: 455.8 | 70 PATIENT REASON DX: 569.3 | 71 PPS CODE | 72 ECI | 73

| 74 PRINCIPAL PROCEDURE CODE | DATE | a. OTHER PROCEDURE CODE | DATE | b. OTHER PROCEDURE CODE | DATE |
|---|---|---|---|---|---|
| 45378 | 10/07/11 | 46250 | 10/07/11 | 46221 | 10/07/11 |
| c. OTHER PROCEDURE CODE | DATE | d. OTHER PROCEDURE CODE | DATE | e. OTHER PROCEDURE CODE | DATE |
| | | | | | |

75

76 ATTENDING NPI 1124080015 QUAL
LAST KHALIL, FIRST MICHAEL MD

77 OPERATING NPI 1124080015 QUAL
LAST KHALIL, FIRST MICHAEL MD

78 OTHER NPI QUAL
LAST FIRST

79 OTHER NPI QUAL
LAST FIRST

80 REMARKS: OUTPATIENT AMBULATORY SURGERY

81CC a b c d



Exhibit B



EOB

PO Box 10406
Van Nuys, CA 91410-0406

| | |
|---|---|
| **Process Date** | Nov 15, 2011 |
| **Remittance No** | HNLF -0015633446 |
| **Payee No** | 27-1402769 A |
| **SVC Provider** | AMBULATORY CARE SURGICAL |
| **SVC Provider No** | 27-1402769 A |

AMBULATORY CARE SURGICAL CENTER
5225 KEARNY VILLA WAY
SAN DIEGO CA 92123-1410

# REMITTANCE ADVICE

| | | | |
|---|---|---|---|
| **Patient Name** | BERNSTEIN, GRAHAM | **Your Acct #** | |
| **SubID** | R05031854 | **Claim #** | 2011304-NF7-163 |
| **SSN** | XXX-XX-5876 | **Receipt Date** | 10/11/2011 |

**HEATLH NET PPO**

Questions? Contact us at: provider_services@healthnet.com or 1-800-929-9224
PO Box 10406 Van Nuys, CA 91410-0406

| Svc Dates - From/Thru | CPT | Modifier 1 2 3 4 | Billed Amount ($) | Amount Not Allowed ($) | Allowed Amount ($) | Patient Copay Coinsurance Deductible | Total Patient Resp. Amt ($) | Benefit Payable ($) | Ex Code |
|---|---|---|---|---|---|---|---|---|---|
| 10/07/11 | | | 16,842.28 | 8,421.14 | 8,421.14 | | 8,421.14 | 4,210.57 | 96 |
| | | | | | | 4,210.57 | 4,210.57 | | CO-INS |
| Total | | | 16,842.28 | 8,421.14 | 8,421.14 | 4,210.57 | 12,631.71 | 4,210.57 | |

**Member Plan Code** 1AY3

| | |
|---|---|
| **Total Claims Payable** | 4,210.57 |
| **Total Check Amount** | 4,210.57 |

**Explanation Code Description**

96 - Amount exceeds the maximum allowable for this benefit.



00001000016351470




November 23, 2011

Exhibit C

Health Net Appeals
Po Box10406
Van Nuys, CA 91410-0406

Attention - Provider Appeals Unit

Appeal

Patient: Graham Bernstein
DOS: October 7,2011
ID#: R05031854
Insured: Self
Emp: Children's specialists of San Diego
Group#: N328AA

To Appeals Department:

We are requesting an independent review of the claim for proper reimbursement for the October 7,2011 date of service for Graham Bernstein .

When we called in advance of the surgery for benefits, we were informed by Health Net and we documented in writing on two separate phone calls that the benefit reimbursement for non-contracting facility providers would be 50% of usual and customary, with a $6,000.00 deductible and a $12,000.00 stop loss. During the phone calls we specifically asked and it was stated that the reimbursement was not based upon managed care rates with a fixed or limited fee schedule for non-contracting providers such as the $4,210.57 payment and allowable amount of $8,421.14. Knowingly misstating facts and policy benefits may be a violation of state courts rulings as well as a breach of the Unfair Claims Settlement Practices Acts.

The procedure, a colonoscopy with hemorrhoid banding ,was performed in a major operating room at our state licensed and Medicare certified surgery center in San Diego, California. The amount paid is not acceptable reimbursement considering our geographic location, procedure performed, time spent in our facility, i.e. OR, pre-op and recovery room and the itemized supplies and equipment used. The surgery center is very much aware of usual and customary rates for the San Diego area for the procedure mentioned above. The Surgery center tracks usual and customary rates for a wide variety of insurance companies and has the supporting backup data to show reasonable and customary rates in our geographical area. Your allowance of $8,421.14 for a surgery center facility fee for the procedure mentioned above is not usual and customary. **It has been shown that insurance companies use non-independent review organizations to determine usual and customary rates for out of network claims. It has also been shown that these non-independent review companies have been using inappropriately low reasonable and customary rates for out of network claims. Please have this claim reviewed by a truly external and independent review organization so that it will be paid at appropriate out of network usual and customary rates.**

We would appreciate your immediate attention to this appeal, so that we may resolve this matter. We have enclosed a copy of the explanation of benefits. Please respond to us in a timely manner. Enclosed is a copy of the patient's authorization for us to appeal this claim.

Sincerely,

Billing and Collection

5225 Kearny Villa Way • San Diego, CA 92123
**(858) 974-7200**




Health Net Life Insurance Co,
P.O. Box 10406
Van Nuys, California 91410-0406
www.healthnet.com

01/11/2012

Exhibit C

Denial

Ambulatory Care Surgical
5225 Kearny Villa Way
San Diego , CA 92123

Subscriber Name: Graham Bernstein
Patient Name: Graham Bernstein
Health Net ID #: R05031854MM1
Patient Account #: none
HN Case #: 11334C00838
Claim #: 2011304-NF7-163
Date(s) of Service: 10/07/2011
Billed Amount: $16,842.28

Dear Provider:

I am responding to your request for a claim dispute, dated 11/23/2011, regarding the above-referenced claim.

In consideration of your dispute, the following information was reviewed:

- Dispute letter dated or received on 11/30/2011
- Remittance Advice or Explanation of Benefits (EOB) issued on 11/15/2011

Based on our review of this information, Health Net's Provider Appeals Unit has determined to uphold our previous determination for the following reasons: Claim was processed based on member's out of network benefit plan at 50% of billed charges less 50% copayment.

If you believe all or part of the claim has been wrongfully denied or rejected and you have been unable to resolve your dispute with Health Net, you may have the matter reviewed by the California Department of Insurance. You may contact the California Department of Insurance at 300 S. Spring Street, Los Angeles, CA 90013. The Department also has a toll-free telephone number (1-800-927-HELP (4357)) and a TDD line (1-800-482-4TDD Ext. 4833) for the hearing and speech impaired. The Department's Internet website is www.insurance.ca.gov. Out of state members may call 1-213-897-8921.

**Billing Dispute External Review Board (BDERB)**
You have now exhausted Health Net's internal review process for the subject claim(s). Health Net contracts with Independent Medical Expert Consulting Services, Inc (IMEDECS) to perform Billing Dispute External Reviews of qualifying disputes. To learn more about the process, or determine if your claim qualifies for BDERB, please visit Health Net's website at www.healthnet.com.

If you should have any additional questions or concerns, please contact our Provider Services Department at (800) 641-7761. Provider Service Department Representatives are available Monday through Friday between the hours of 8:00 a.m. and 5:00 p.m.

Sincerely,
Adelle J.
Provider Appeals Unit

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2012 MAR 26 AM 10:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**I. (a) PLAINTIFFS** Graham Bunstein

**DEFENDANTS** Health & Life Insurance

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12 CV 0717 AJB JMA**

(c) Attorney's (Firm Name, Address, and Telephone Number) Graham Bunstein pro per 858-627-0064
3525 Delmar Heights Rd #253 S.D. CA 92130

Attorneys (If Known) unknown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. 502(a) & 1004 ET. Seq

Brief description of cause: ERISA claim for Health Insurance Coverage

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 8421.00 CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 3/22/12 SIGNATURE OF ATTORNEY OF RECORD Graham Bunstein pro per Graham Bunstein

RECEIVED MAR 26 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY (NH) $350.00 CA036... DEPUTY

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS036822
Cashier ID: nsiefken
Transaction Date: 03/26/2012
Payer Name: WALK-UP CUSTOMER

---

CIVIL FILING FEE
For: WALK-UP CUSTOMER
Case/Party: D-CAS-3-11-CV-000717-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 1363
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $53.00 charged for any returned check.